AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| UNITED STATES OF AMERICA | ) |
|---|---|
| v. | ) |
|  | ) Case No. 5:20-MJ-568 (TWD) |
| JOHN DECKER | ) |
|  | ) |
|  | ) |
|  | ) |
| Defendant | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of November 5, 2020, in the county of Cortland in the Northern District of New York the defendant violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) & (b)(1)(B) | Possession with intent to distribute controlled substances (methamphetamine) |

This criminal complaint is based on these facts:
   See attached affidavit.

☒   Continued on the attached sheet.

_____
*Complainant's signature*
Ryan M. Phelan, Special Agent, DEA
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: 11/5/2020

_____
*Judge's signature*

City and State: Syracuse, New York

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT OF DEA SPECIAL AGENT RYAN M. PHELAN

RYAN M. PHELAN, being duly sworn, deposes and says:

### I. INTRODUCTION

1. I am a Special Agent employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), and as such I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 United States Code, Section 801, et. seq., and Title 18, United States Code, Section 2516. In May 2014, I was hired by the DEA and was accepted to attend the DEA Basic Agent Training ("BAT") Academy in Quantico, Virginia. I have been a Special Agent with the DEA since September 2014. Since graduation from the DEA Academy, I have been assigned to the DEA Syracuse, New York Resident Office. I am currently assigned to a DEA Task Force consisting of law enforcement agents from other federal, state, and local agencies.

2. I submit this affidavit in support of a criminal complaint charging defendant JOHN DECKER with violations of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). This affidavit sets forth facts and evidence demonstrating there is probable cause to believe DECKER has committed violations of federal law, including, but not limited to, possession with intent to distribute controlled substances, which violation involves 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a

Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

3. Currently, I am the case agent investigating crystal methamphetamine trafficking in the Central New York area. I have personally participated in the investigation of the offenses set forth below. I base this affidavit on my personal participation in the investigation, my conversations with Special Agents of the DEA, agents, officers and investigators of other state and local law enforcement agencies, and my review of past and present reports made by others agents, officers, and investigators. I am fully familiar with the facts and circumstances of this investigation, as well as the subjects of the investigation. My experience in the investigation of narcotics crimes, as well as my participation in the instant investigation, and conversations with other law enforcement officers, will serve as the basis for any opinions or conclusions set forth below.

## II.  BASIS OF INFORMATION

4. Since this affidavit is being submitted for the limited purpose of providing probable cause to support a criminal complaint against JOHN DECKER, I have not included each and every fact known to me concerning this investigation. I set forth only the facts which I believe are necessary to establish probable cause for the complaint.

5. While conducting an ongoing investigation into methamphetamine trafficking, a confidential source (the "CS"[1]) provided information to law enforcement about DECKER's involvement in the distribution of crystal methamphetamine.

6. In or about November 2020, the CS set up a controlled purchase with DECKER in a series of recorded phone conversations and text messages. DECKER agreed to meet with the CS at the Hampton Inn in Cortland, New York, to provide the CS with one pound of methamphetamine for approximately $10,000.

7. On or about November 5, 2020, law enforcement surveillance observed DECKER leave Elmira, New York, and travel northbound towards Cortland, New York. At approximately 1:14 p.m., DECKER arrived at the Cortland Hampton Inn in a blue Ford Ranger. DECKER then exited the vehicle carrying a small cardboard box. At that time, agents from the DEA and investigators from the New York State Police placed DECKER under arrest without incident.

8. DECKER was subsequently read his *Miranda* warnings and agreed to speak with law enforcement. DECKER advised that there was a pound of crystal methamphetamine inside of the small cardboard box, and that he was delivering that pound to an individual staying at the hotel.

9. Inside the cardboard box agents located a large clear plastic bag containing a crystalline substance and two smaller individual bags that each contained a crystalline substance.

---

[1] The CS has been charged with federal drug crimes in the Northern District of New York, and is currently cooperating with law enforcement in the hopes of receiving leniency at sentencing. In the course of cooperation, the CS has provided reliable and credible information about the CS's own drug activity, as well as that of others.

10. A short time after, NYSP Trooper and his K-9 conducted a K-9 search outside of the vehicle. The K-9 alerted to the vehicle and a search of vehicle was conducted. In the course of the search of DECKER's vehicle, law enforcement located another small, corner-tied plastic bag containing a crystalline substance inside of a book bag that belongs to the passenger in DECKER's vehicle. DECKER informed law enforcement that the small plastic bag containing a crystalline like substance located inside the book bag was his.

11. All four bags of containing the crystalline substances were subsequently tested utilizing the TruNarc testing device and all tested presumptively positive for the presence of methamphetamine. The weight of the methamphetamine that was located inside of the cardboard box weighed approximately 483.5 grams. The weight of the methamphetamine inside the small, corner-tied plastic bag that was located inside of the book bag weighed approximately 18 grams.

### III. CONCLUSION

12. In light of the foregoing, I respectfully submit that there is probable cause to believe that JOHN DECKER possessed with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). I respectfully request that the Court authorize the filing of this

complaint so that the defendant may be charged and brought to court for further proceedings in accordance with the law.

Attested to by the affiant:

_____
RYAN M. PHELAN, Special Agent
Drug Enforcement Administration

I, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on November 5, 2020 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
HON. THÉRÈSE WILEY DANCKS
UNITED STATES MAGISTRATE JUDGE